12 CIV 0478

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
JAMES PUCKETT,

                Plaintiff,

    -against-

ENHANCED RECOVERY COMPANY, LLC,

                Defendant.
------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff JAMES PUCKETT ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant" or "ERC"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349.

### PARTIES

2.     Plaintiff is a resident of the State of New York, residing at 2055 McGraw Avenue Apt 2H, Bronx, NY 10462-8066.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4.     Defendant ERC is a Florida Company engaged in business of collecting debts with its principal place of business located at 8014 Bayberry Rd., Jacksonville, FL 32256.

5. ERC is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over any and all state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, an unknown third party original creditor, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ERC for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Within one year of filing this complaint, Defendant began its attempts at collecting the alleged debt from Plaintiff.

13. Defendant's attempts at collecting the alleged debt included placing telephone calls and leaving voice mail messages.

14. Defendant's voice mail messages identified ERC as a "debt collector" and that any information obtained will be used for the purpose of collecting the alleged debt from Plaintiff.

15. Defendant disclosed to Plaintiff's roommate Emile Huggins, an unauthorized third party, ERC's identity as a debt collector attempting to collect the alleged debt from Plaintiff.

16. Defendant violated 15 U.S.C. §1692b and §1692c(b) prohibiting third party disclosure when Plaintiff's roommate Emile Huggins heard Defendant's voice mail message disclosing ERC's identity as a debt collector.

17. Defendant's actions caused the Plaintiff deep embarrassment and emotional stress when Plaintiff's roommate Emile Huggins inquired as to why Plaintiff was receiving phone calls from a debt collection company, who ERC is, why ERC calls and if Plaintiff is in serious trouble in violation of 15 U.S.C. §1692b and §1692c(b); §1692e-preface and (10) and §1692f-preface.

18. Defendant failed to send a validation notice within 5 days of the initial communication with Plaintiff as required by 15 U.S.C. § 1692g.

19. Plaintiff suffered and continues to suffer from damages including but not limited to great personal humiliation, embarrassment, mental anguish, fear of identity theft, fear of financial theft and ruin, fear of harm to credit history, body aches, exhaustion, anxiety and emotional distress as a result of Defendant's harassment and actions.

20. Plaintiff suffered and continues to suffer from actual damages as a result of Defendant's actions.

21. Due to the Defendant's gross violations of the FDCPA, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff

violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. §1692b.

    b.    15 U.S.C. §1692c(a)(2)

    c.    15 U.S.C. §1692c(b).

    d.    15 U.S.C. §1692e-preface, and (10).

    e.    15 U.S.C. §1692f-preface.

    f.    15 U.S.C. §1692g.

24.    As a result of defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

25.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

27.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JAMES PUCKETT demands judgment from the Defendant ENHANCED RECOVERY COMPANY, LLC as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1); and New York General Business Law §349.

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k(a)(2)(A) and New York General Business Law §349.

C. For any and all attorneys' fees, filing fees, service of process fees, court costs and other costs provided and pursuant to 15 U.S.C. §1692k(a)(3) and New York General Business Law §349.

D. Nominal damages;

E. A declaration that the Defendant's practices violated the FDCPA and New York General Business Law §349.

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAMES PUCKETT hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:     January 16, 2012

Respectfully submitted,

By: /s/ Allison Polesky
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:    (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff JAMES PUCKETT